**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

THOMAS I. GAGE, *pro se*,
          Plaintiff,

          v.

STATE OF NEW JERSEY, *et al.*,
          Defendants.

Civil Action No. 18-1226 (CKK)

**MEMORANDUM OPINION**
(March 28, 2019)

Defendants State of New Jersey, New Jersey Administrative Office of the Courts, Judge

Margaret Goodzeit, and Michelle M. Smith (collectively, "State Defendants"), Ocwen Loan

Servicing, LLC and Ocwen Financial Corporation (collectively, "Ocwen Defendants"), and Law

Office of Rajan Patel ("Patel Defendant") have moved to dismiss the claims of Plaintiff Thomas

I. Gage, who is proceeding *pro se*.[1]

Upon consideration of the briefing,[2] the relevant legal authorities, and the record as a

whole, the Court **GRANTS as to venue and judicial immunity and DENIES WITHOUT**

---

[1] In his [1] Complaint, Plaintiff refers to certain of the Defendants as "New Jersey Courts
Administration," "Ocwen Loan Serving, LLC," and "Owen Financial Corporation."  Based on
Defendants' pleadings, the Court corrects the apparent mislabeling and misspelling.

[2] The Court's consideration has focused on the following documents:

- Mem. of Law in Supp. of Mot. to Dismiss, ECF No. 2-1 ("Patel Def.'s Mem.");
- Mem. of Law in Supp. of Mot. to Dismiss Pl.'s Compl. of Defs. Ocwen Loan Servicing,
  LLC and Ocwen Financial Corporation, ECF No. 3-1 ("Ocwen Defs.' Mem.");
- Br. in Supp. of Mot. Dismiss [sic] Pl.'s Compl. with Prejudice Pursuant to Fed. R. Civ. P.
  12(b)(1) and 12(b)(6) on Behalf of Defs. State of New Jersey, New Jersey Administrative
  Office of the Cts., Hon. Margaret Goodzeit, P.J.Cv., and Michelle M. Smith, ECF No. 7-2
  ("State Defs.' Mem.");
- Pl. Thomas I. Gage's Obj. to All Defs.' Mots. to Dismiss, ECF No. 9 ("Pl.'s Opp'n");
- Reply Mem. of Law in Supp. of Law Office of Rajan Patel's Mot. to Dismiss, ECF No. 10
  ("Patel Def.'s Reply");

**PREJUDICE** State Defendants' [7][7-1] Motion to Dismiss Plaintiff's Complaint as to additional grounds, **GRANTS as to venue and DENIES WITHOUT PREJUDICE** Ocwen Defendants' [3][3-1] Motion to Dismiss Plaintiff's Complaint as to additional grounds, and **GRANTS as to venue and DENIES WITHOUT PREJUDICE** Patel Defendant's [2] Motion to Dismiss Complaint as to additional grounds. Rather than dismiss all claims against Defendants, the Court shall, in the interest of justice, transfer all claims, except the claims against Judge Margaret Goodzeit, for which she is judicially immune, to the U.S. District Court for the District of New Jersey where venue is appropriate.

## I. BACKGROUND

The Court shall recite only those few allegations in the [1] Complaint that are necessary to the resolution of this matter. In tandem, the Court shall summarize the relevant proceedings in this case.

Plaintiff filed this suit on May 22, 2018, against the State of New Jersey, its state court administration, a state court judge, and a state court clerk; two companies connected to the mortgage lending business; and a private law firm. Compl., ECF No. 1, ¶¶ 42-47. Plaintiff's thirty-one count Complaint pursues a variety of causes of action under federal and New Jersey law that allegedly "arose from an attempt of Plaintiff to expose fraudulent documents that have been

- Reply Mem. of Law in Supp. of Mot. to Dismiss Pl.'s Compl. of Defs. Ocwen Loan Servicing, LLC and Ocwen Financial Corporation, ECF No. 11 ("Ocwen Defs.' Reply"); and
- Reply Br. in Further Supp. of Mot. to Dismiss Pl.'s Compl. with Prejudice Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), and 12(b)(6) on Behalf of Defs. State of New Jersey, New Jersey Administrative Office of the Cts., Hon. Margaret Goodzeit, P.J.Cv., and Michelle M. Smith, ECF No. 12 ("State Defs.' Reply").

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

2

used on August 8, 2011, to steal Plaintiff's private property at: 51 Hillcrest Blvd, Warren, NJ." *Id.* ¶ 4.[3] The Complaint is not a model of clarity. As best the Court can discern, however, Plaintiff objects to actions purportedly associated with the foreclosure of his home. *See id.* ¶¶ 72-117.

The State Defendants, Ocwen Defendants, and Patel Defendant each filed a motion to dismiss this suit for, among other reasons, improper venue. Plaintiff has submitted his opposition to those motions, and each Defendant has filed a reply.

Briefing having concluded, the pending motions are ripe for resolution.

## II. LEGAL STANDARD

The federal statute governing venue provides that "[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1), (2). Only "if there is no district in which an action may otherwise be brought as provided in" Section 1391 may the plaintiff pursue his claims in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *Id.* § 1391(b)(3).

When presented with a motion to dismiss for improper venue under Rule 12(b)(3), the Court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor and resolves any factual conflicts in the plaintiff's favor." *James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 11 (D.D.C. 2009). "The court, however, need not accept the plaintiff's legal conclusions as true." *Id.*

---

[3] Although the Complaint appears at first blush to contain thirty counts, a closer look reveals that two counts are numbered twenty-two.

"Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." *Varma v. Gutierrez*, 421 F. Supp. 2d 110, 113 (D.D.C. 2006) (quoting *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003)) (internal quotation marks omitted). "However, if the plaintiff is proceeding *pro se*, the factual allegations contained in [his] complaint should be held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 n.2 (D.C. Cir. 2000)).[4] "Unless there are pertinent factual disputes to resolve, a challenge to venue presents a pure question of law." *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Before dismissing a case for want of proper venue, a district court should consider whether the "interest of justice" standard warrants transfer. *See Dugdale v. Ditech Fin., LLC*, No. 17-7137, 2018 WL 1391724, at *1 (D.C. Cir. Feb. 21, 2018) (per curiam) (citing 28 U.S.C. § 1406(a); *Hayes v. Livermont*, 279 F.2d 818, 818 (D.C. Cir. 1960) (per curiam)).

> If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of [Section] 1406(a), recognized that "the interest of justice" may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as "time-consuming and justice-defeating technicalities."

---

[4] Some courts place the burden on the defendant, or at least use language suggesting as much. *See, e.g.*, *Khalil v. L–3 Commc'ns Titan Grp.*, 656 F. Supp. 2d 134, 135 (D.D.C. 2009) ("To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue." (quoting *James*, 639 F. Supp. 2d at 11) (internal quotation marks omitted)); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure Civil* § 1352 (3d ed.) (noting the split, and maintaining that those courts placing burden on plaintiff appear to adopt "correct" view). Whether this Court formally places the burden with Plaintiff or Defendants, however, the Court finds that the outcome would be the same.

*Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962) (quoting, respectively, 28 U.S.C. § 1406(a);

*Internatio-Rotterdam, Inc. v. Thomsen*, 218 F.2d 514, 517 (4th Cir. 1955)).  "The decision whether

a transfer or a dismissal is in the interest of justice, however, rests within the sound discretion of

the district court."  *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983).

### III. DISCUSSION

All of the Defendants argue that dismissal is appropriate pursuant to Rule 12(b)(3).  State

Defs.' Mem. at 9-11; Ocwen Defs.' Mem. at 7-11; Patel Def.'s Mem. at 9-11.  In light of Plaintiff's

litigation history, which the Court shall discuss below, the Court shall reach only the threshold

non-merits issues of dismissal or transfer due to improper venue, as well as judicial immunity.

It is well recognized that "courts may address certain nonjurisdictional, threshold issues

before examining jurisdictional questions."  *Kaplan v. Central Bank of the Islamic Republic of

Iran*, 896 F.3d 501, 513 (D.C. Cir. 2018) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574,

585 (1999); *Tenet v. Doe*, 544 U.S. 1, 6 n.4 (2005)).  But courts may do so "only if [a given issue]

can occasion a '[d]ismissal short of reaching the merits.'"  *Id.* (quoting *Sinochem Int'l Co. Ltd. v.

Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007)) (second alteration in original)

(identifying some threshold questions as abstention, forum non conveniens, and third-party

standing).  For an example of when such disposition is acceptable, the Supreme Court has indicated

that "[a] district court . . . may dispose of an action by a *forum non conveniens* dismissal, bypassing

questions of subject-matter and personal jurisdiction, when considerations of convenience,

fairness, and judicial economy so warrant."  *Sinochem Int'l Co. Ltd.*, 549 U.S. at 432.

The Court finds a need to address the venue question first due to Plaintiff's abuse of the

federal court system.  To reach the jurisdictional issues raised in the briefing would undercut the

U.S. District Court for the District of New Jersey's injunctions against any further lawsuits by

Plaintiff, proceeding *pro se*, concerning these or similar allegations. Accordingly, the Court shall, in the interest of justice, transfer this case from an improper venue to the proper venue, which has issued filing injunctions to prevent certain cases like this one.

Plaintiff's Complaint fails to establish any of the grounds for laying venue in the District of Columbia. First, Plaintiff concedes facts that render 28 U.S.C. § 1391(b)(1) inapplicable, namely by arguing that each Defendant is "from" or "of" a jurisdiction other than the District of Columbia. Pl.'s Opp'n at 4. The Court's review of the Complaint and briefing confirms that neither the State Defendants nor Patel Defendant allegedly reside in the District of Columbia. Compl., ECF No. 1, ¶¶ 43-47; State Defs.' Mem. at 10; Patel Def.'s Mem. at 1-2, 10. The Complaint alleges that the Ocwen Defendants are headquartered and/or have an address outside of this jurisdiction, but the Complaint also mentions an "Ocwen" office in the District of Columbia among a string of offices in other jurisdictions. *See* Compl., ECF No. 1, ¶ 42. Neither Plaintiff nor Ocwen Defendants expressly discuss that D.C. office in their briefing. However, the Court need not decide whether that office is sufficient to establish residency in this jurisdiction, since the relevant prong of the venue statute would not be satisfied even if it did. Because not all of the Defendants are residents of the District of Columbia, the District of Columbia cannot qualify as a proper venue pursuant to 28 U.S.C. § 1391(b)(1). Plaintiff's remaining few references to certain Defendants' activities in, or associated with, the District of Columbia—as parties in one federal lawsuit and as a signatory to a letter to a federal agency—likewise do not show that any of the Defendants is a resident here. *See* Compl., ECF No. 1, ¶¶ 55-61 (citing Compl., Exs. H, T, ECF No. 1-1); Pl.'s Opp'n at 2, 4, 7.

Second, very few, if any, of the activities alleged in the Complaint occurred in this jurisdiction. *See* Compl., ECF No. 1, ¶¶ 72-117. The Complaint generally concerns foreclosure

of Plaintiff's property in New Jersey and subsequent events in New Jersey.  Nevertheless, Plaintiff

does refer to a lawsuit in this jurisdiction against the Ocwen Defendants, allegedly for fraudulent

foreclosure.  In that suit, the Consumer Financial Protection Bureau, forty-nine states (including

New Jersey), and the District of Columbia settled with the Ocwen Defendants for the Ocwen

Defendants' alleged violations of "the Unfair and Deceptive Acts and Practices laws of the Plaintiff

States and the Consumer Financial Protection Act of 2010."  Consent J. at 7, *Consumer Fin. Prot.*

*Bureau v. Ocwen Fin. Corp.*, Case 1:13-cv-02025-RMC (D.D.C. Feb. 26, 2014), ECF No. 12

("CFPB Suit").  Plaintiff refers to the CFPB Suit in support of the following claim in his

Complaint: "It's a fact that Wells Fargo and Ocwen Loan Servicing have both been find [sic] to

be guilty of Fraudulent Foreclosed [sic] activities."  Compl., ECF No. 1, ¶ 92 (citing, e.g., Compl.,

Ex. H, ECF No. 1-1).  In the next paragraph, Plaintiff reasons that Ocwen Defendants committed

foreclosure violations with respect to his own property.  *See id.* ¶ 93 ("In Plaintiff's illegal

Foreclosure case, Ocwen Loan Servicing has used false documents to prove ownership of an

alleged mortgage, to defraud Plaintiff and to submitted [sic] insurance claim to the Federal

Housing Administration.").  But even accepting those allegations as true, they have nothing to do

with the fact that the CFPB Suit took place in the District of Columbia.  *See James*, 639 F. Supp.

2d at 11.

Nor does Plaintiff's opposition brief establish any greater role for the CFPB Suit in this

litigation.  *See* Pl.'s Opp'n at 4 (describing settlement in CFPB Suit); *cf. Varma*, 421 F. Supp. 2d

at 113 (recognizing reduced expectations for allegations in *pro se* plaintiff's complaint itself).

Even if venue in the CFPB Suit was appropriate, which the Court need not investigate, that does

not automatically establish that venue is appropriate in this suit.  *See* Pl.'s Opp'n at 4; Ocwen

Defs.' Reply at 3.  And whatever entitlement Plaintiff may have to a remedy pursuant to a

settlement in the CFPB Suit does not independently create venue here either. *See* Pl.'s Opp'n at 4 (arguing that "Defendant Ocwen Financial Corporation who stole Plaintiff's property on August 8, 2011, must compensate Plaintiff in this case due to their agreed settlement"). Based on the Court's review of the Complaint and briefing, therefore, Plaintiff has not discharged his burden to show that "a substantial part of the events or omissions giving rise to the claim[s] occurred" in this jurisdiction, or that "a substantial part of property that is the subject of the action is situated" in this jurisdiction. 28 U.S.C. § 1391(b)(2); *see also Varma*, 421 F. Supp. 2d at 113.

Despite Plaintiff's inability to avail himself of the first two options under Section 1391(b), Plaintiff cannot resort to the residual opportunity to lay venue in simply any federal district court where personal jurisdiction may lie, for there is a federal district court in which venue would be proper. *See id.* § 1391(b)(3). Because a substantial part of the alleged events or omissions and the property at issue are located in the District of New Jersey, venue is proper in the U.S. District Court for the District of New Jersey. Accordingly, the Court finds that venue is improper in the U.S. District Court for the District of Columbia.

In the alternative to dismissal for improper venue, Ocwen Defendants and Patel Defendant seek transfer of this case to the District of New Jersey. Ocwen Defs.' Mem. at 2, 18; Patel Def.'s Mem. at 11 n.4; *see also* State Defs.' Br. at 11 (acknowledging Court's discretion to transfer but not requesting transfer in the alternative). In an exercise of its discretion, the Court finds that it would be in the interest of justice to transfer this case to that jurisdiction. *See* 28 U.S.C. § 1406(a). Defendants' discussion of similar proceedings in other litigation suggests that Plaintiff is shopping for a forum amenable to claims similar to, and perhaps the same as, those that have been dismissed by courts in New Jersey. *See, e.g.*, State Defs.' Mem. at 5-6 & n.3 (citing State Defs.' Mem., Ex. A, ECF No. 7-3 (collecting 12 other cases filed by Plaintiff in New Jersey federal and state courts,

in a Delaware federal court that transferred the case filed there to New Jersey federal court, and in this Court)).[5]  Plaintiff fails to rebut that inference.

In some of those prior litigations, New Jersey federal and state courts entered injunctions to prevent Plaintiff, when proceeding *pro se*, from filing any further lawsuits related to his foreclosed property at 51 Hillcrest Blvd., Warren, NJ, and/or an adjacent property development

---

[5] While State Defendants' list is extensive, its citations are not the most user-friendly, in part because a number of the cases in that list are state court cases.  Nor does that list appear to capture all of the cases that Plaintiff has filed.   The following illustrative list of mostly federal court opinions associated with this action was admirably compiled by Judge Jose L. Linares of the U.S. District Court for the District of New Jersey, *Gage v. Provenzano*, No. CV 14-5700, 2016 WL 5329596, at *1 (D.N.J. Sept. 21, 2016), and is supplemented by the more recent federal court opinions of which the Court is readily aware: *Gage v. Wells Fargo Bank, N.A., AS*, 555 F. App'x 148 (3d Cir. Jan. 16, 2014), *aff'g* No. 12-777, 2013 WL 3443295 (D.N.J. July 9, 2013); *Gage v. Provenzano*, 571 F. App'x 111 (3d Cir. July 3, 2014), *aff'g* No. 13-2256, 2013 WL 6623924 (D.N.J. Dec. 13, 2013); *Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49 (3d Cir. Mar. 28, 2013), *aff'g* No. 11-862, 2012 WL 715895 (D.N.J. Mar. 5, 2012); *Gage v. Warren Twp. Comm. & Planning Bd. Members*, 463 F. App'x 68 (3d Cir. Mar. 2, 2012), *aff'g* No. 11-1501, 2011 WL 6002510 (D.N.J. Nov. 29, 2011); *Gage v. Wells Fargo Bank, NA*, 450 F. App'x 121 (3d Cir. Nov. 8, 2011), *aff'g* No. 11-862, 2011 WL 4073877 (D.N.J. Sept. 9, 2011); *Gage v. New Jersey*, 408 F. App'x 622 (3d Cir. Nov. 26, 2010), *aff'g* No. 10-2603, slip op. (D.N.J. June 11, 2010); *Gage v. Somerset Cty.*, 322 F. Supp. 3d 53 (D.D.C. 2018); *Gage v. Somerset Cty.*, Civil Action No. 3:16-cv-3119-BRM-LHG, 2017 WL 436258 (D.N.J. Jan. 31, 2017); *Gage v. N.J. Governor Chris Christie's Admin.*, No. 15-6964, 2015 U.S. Dist. LEXIS 127999 (D.N.J. Sept. 24, 2015) (concerning action transferred to the District of New Jersey by No. 15-695, 2015 WL 5545773 (D. Del. Sept. 18, 2015)), *aff'd*, No. 153382, slip op. (3d Cir. Jan. 8, 2016); *Gage v. Provenzano*, No. 14-5700, 2015 WL 2403071 (D.N.J. May 20, 2015), *appeal dismissed*, No. 15-2391, slip op. (3d Cir. Sept. 30, 2015); *Gage v. Miller*, No. 13-6985, 2014 WL 1789653 (D.N.J. May 6, 2014); *Gage v. Christie*, No. 14-2587, slip op. (D.N.J. May 6, 2014); *Gage v. Kumpf*, No. 12-2620, 2012 WL 5630568 (D.N.J. Nov. 15, 2012); *Gage v. Jacobson*, No. 11-6271, 2012 U.S. Dist. LEXIS 49 (D.N.J. Jan. 3, 2012); *Gage v. Twp. of Warren*, No. 09-519, 2009 WL 1635602 (D.N.J. June 10, 2009); *Gage v. Wells Fargo Bank, N.A.*, No. A-5350-13T2, 2016 WL 783055 (N.J. Super. Ct. App. Div. Mar. 1, 2016); *Gage v. Sleepy Hollow of Warren, LLC*, No. A-5679-08T3, 2010 WL 4121555 (N.J. Super. Ct. App. Div. Oct. 18, 2010); and *Gage v. Warren Twp. Planning Bd.*, No. 14-1447, 2015 N.J. Super. Unpub. LEXIS 2512 (N.J. Super. Ct. Law Div. Jan. 16, 2015).   Although the Court does not otherwise cite orders of which it is aware, the Court notes that a court in the Southern District of New York denied Plaintiff's motion to transfer one of his cases to that court from the New Jersey federal court.  *Gage v. Somerset Cty.*, No. 17-CV-7219 (CM) (S.D.N.Y. Oct. 20, 2017).  In addition, the Court notes that today it also decides a similar motion to dismiss pending in *Gage v. Somerset County*, No. 18-272 (D.D.C.).

called Sleepy Hollow, without the respective court's leave. *See, e.g.*, *Gage v. Somerset Cty.*, Civil Action No. 3:16-cv-3119-BRM-LHG, 2017 WL 436258, at *1 (D.N.J. Jan. 31, 2017) (collecting cases); *Gage v. N.J. Governor Chris Christie's Admin.*, Civil No. 15-6964 (RBK/JS), 2015 U.S. Dist. LEXIS 127999, at *1-*4 (D.N.J. Sept. 24, 2015) (detailing series of injunctions). At least several of his subsequent suits in New Jersey federal courts related to the foreclosure of, and/or his eviction from, that 51 Hillcrest Blvd. property, were dismissed *sua sponte* for violation of one or more injunctions. *See Gage v. N.J. Governor Chris Christie's Admin.*, Civil No. 15-6964 (RBK/JS), 2015 U.S. Dist. LEXIS 127999, at *3-*4.

Plaintiff gives no colorable response to Defendants' comments about his string of prior unsuccessful litigations, nor any valid reason to pursue litigation here. Rather, he perceives that he will not receive justice in the District of New Jersey. *See* Pl.'s Opp'n at 7, 13. Suspecting an entire district of the federal court system of being unable to dispense justice is an insupportable basis for permitting Plaintiff to maintain his suit against Defendants in this Court. The Court finds that it is unnecessary to entertain the remainder of Plaintiff's arguments, none of which affect the Court's decision that venue is not appropriate here and that transfer is in the interest of justice. Even if Plaintiff *mistakenly* thought venue was appropriate here, *see Goldlawr, Inc.*, 369 U.S. at 467, transfer remains appropriate to enable the District of New Jersey to handle this case consistently with Plaintiff's prior litigations.[6]

When a court in the District of Delaware reached the same conclusion in one of Plaintiff's prior forum-shopping attempts, that court recognized the injunctions in New Jersey courts and transferred the case to the District of New Jersey, which dismissed the case *sua sponte* and was

---

[6] Transfer may also be more appropriate than dismissal, even based on a non-merits threshold issue like venue, because the Court expressly declines to reach the jurisdictional issues raised by Defendants.

affirmed by the Third Circuit.  *See Gage v. N.J. Governor Chris Christie's Admin.*, Civ. No. 15-695-LPS, 2015 WL 5545773, at *2-*3 (D. Del. Sept. 18, 2015); *Gage v. N.J. Governor Chris Christie's Admin.*, No. 15-6964, 2015 U.S. Dist. LEXIS 127999 (D.N.J. Sept. 24, 2015), *aff'd*, No. 15-3382, slip op. (3d Cir. Jan. 8, 2016).  The Court is also aware that Plaintiff tried unsuccessfully to transfer a case *away from* the District of New Jersey, and was barred for procedural reasons. When Plaintiff filed his motion to transfer in the purported *transferee* forum, a court in the Southern District of New York rightly denied that improper request for failure to comply with 28 U.S.C. § 1404(a).  *Gage v. Somerset Cty.*, No. 17-CV-7219 (CM) (S.D.N.Y. Oct. 20, 2017). Accordingly, this Court shall join others that recognize—for one reason or another—that this case should be resolved in the District of New Jersey.

Only in one respect shall the Court not transfer claims to the District of New Jersey.  State Defendants argue that Defendant Judge Margaret Goodzeit, a state court judge, should be entitled to judicial immunity.  State Defs.' Br. at 18-22.  The Court considers judicial immunity to be another threshold, non-merits issue that the Court can address short of resolving jurisdictional questions.  "Few doctrines were more established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction."  *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985) (quoting *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967)) (internal quotation marks omitted). Absolute immunity shields state and other judges from suit because "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in [her], shall be free to act upon [her] own convictions, without apprehension of personal consequences to [herself]."  *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (per curiam) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)) (internal quotation marks omitted).  That immunity "is not overcome by allegations of bad faith or malice," *id.* at 11, and

applies even if the challenged action was "in error . . . or was in excess of [the judge's] authority," *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (citing *Bradley*, 80 U.S. at 351).

Although Plaintiff purportedly sues Judge Goodzeit in her individual and official capacities, Plaintiff's only express allegations against her consist exclusively of actions in her capacity as a judge.  *See* Compl., ECF No. 1, ¶¶ 46, 95 (citing Compl., Ex. D, ECF No. 1-1) (objecting to Judge Goodzeit's alleged permission for Patel Defendant to file opposition, on behalf of non-parties, to Plaintiff's then-pending motion); Pl.'s Opp'n at 9-11 (citing aforementioned permission, the granting of a motion, and an allegedly fraudulent court order).  Nor does Plaintiff show that those actions were "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 13.  Plaintiff does not specifically seek any non-monetary relief.  *See* Compl., ECF No. 1, Prayer for Relief.  Accordingly, insofar as Plaintiff's claims lie against Judge Goodzeit, to that extent the claims shall be dismissed due to judicial immunity rather than transferred to the District of New Jersey.  *See Gage v. N.J. Governor Chris Christie's Admin.*, No. 15-6964, 2015 U.S. Dist. LEXIS 127999, at *5 (dismissing claims against other state and federal judges on judicial immunity grounds).

## IV. CONCLUSION

For the foregoing reasons, and in an exercise of its discretion, the Court **GRANTS as to venue and judicial immunity and DENIES WITHOUT PREJUDICE** State Defendants' [7][7-1] Motion to Dismiss Plaintiff's Complaint as to additional grounds, **GRANTS as to venue and DENIES WITHOUT PREJUDICE** Ocwen Defendants' [3][3-1] Motion to Dismiss Plaintiff's Complaint as to additional grounds, and **GRANTS as to venue and DENIES WITHOUT PREJUDICE** Patel Defendant's [2] Motion to Dismiss Complaint as to additional grounds.

The Court grants Defendants' motions pursuant to Rule 12(b)(3) insofar as the Court recognizes improper venue, but shall not dismiss the claims but instead shall, in the interest of justice, **TRANSFER** all claims except the claims against Judge Margaret Goodzeit, for which she is judicially immune, to the U.S. District Court for the District of New Jersey where venue is appropriate.

A copy of this Memorandum Opinion shall be mailed to Plaintiff at his address of record.

An appropriate Order accompanies this Memorandum Opinion.

Dated: March 28, 2019

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge