NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

THOMAS I. GAGE,

          Plaintiff,

          v.

STATE OF NEW JERSEY, et al.,

          Defendants.

Civil Action No. 19-9098 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter comes before the Court upon Defendant the Law Office of Rajan Patel's ("Patel") Letter Motion, requesting that the Court dismiss Plaintiff Thomas I. Gage's ("Gage" or "Plaintiff") Complaint with prejudice. (ECF No. 23.) Also pending before the Court is Defendants the New Jersey Administrative Office of the Courts, Michelle M. Smith, and the State of New Jersey's ("the State Defendants") Motion to Dismiss Plaintiff's Complaint. (ECF No. 27.)

After reviewing the Complaint, the Court concludes "[t]his is another one of many cases brought by *pro se* Plaintiff Thomas Gage . . . in this Court related to a state court judgment of foreclosure on his former home." *Gage v. Wells Fargo Bank, N.A. AS*, No. 12-777, 2013 WL 3443295, at *1 (D.N.J. July 9, 2013), *aff'd*, 555 F. App'x 148 (3d Cir. 2014); *see also Gage v. Somerset Cty.*, No. 16-3119, 2017 WL 436258, at *1 (D.N.J. Jan. 31, 2017); *Gage v. Provenzano*, No. 14-5700, 2016 WL 5329596, at *1 (D.N.J. Sept. 21, 2016) (citing a collection of fourteen cases). This time, Gage has named the law firm that represented the Andersen family who purchased his property, the loan servicing company that acquired his mortgage, New Jersey Superior Court Judge Margaret Goodzeit, the Clerk of the New Jersey Superior Court, the New Jersey Administrative Office of the Courts, and the State of New Jersey. (Compl. ¶¶ 42–47, ECF

No. 1.) The core allegations outlined in Gage's thirty-count Complaint are that the documents used to foreclose on his property were forged and that he was denied meaningful access to justice. (Compl. ¶¶ 85–93, 106–07, 111, 116, 121–25, 255–57, 264–65.)

After Gage had filed a number of repetitive lawsuits in this Court, in an effort to protect the parties and the Court and to achieve finality, this Court enjoined Gage, "when proceeding *pro se*, from filing a complaint against any of the defendants [in that case] or any employee, agent, or attorney thereof, in the United States District Court, District of Jersey, relating to the Sleepy Hollow development, without prior leave of this Court." *Gage v. Kumpf*, No. 12-2620, 2012 WL 5630568, at *5 (D.N.J. Nov. 15, 2012). The Court expanded that injunction in 2013 to include "[Wells Fargo Bank N.A. AS, Luke Andersen, and Helena Andersen] or any employee, agent, or attorney thereof," and any lawsuit "relating to the state court foreclosure action of the property located at 51 Hillcrest Boulevard." *Gage v. Wells Fargo Bank, N.A. AS*, 2013 WL 3443295, at *8. Five months later, in response to yet another lawsuit filed by Gage, the Court expanded that injunction again, enjoining Gage, "as a *pro se* litigant, from filing *any claims* involving or arising out of the foreclosure action, sheriff's sale, or subsequent sale to the Andersens, of the property at 51 Hillcrest Blvd. in Warren, New Jersey, without prior leave of the Court . . . ." *Gage v. Provenzano*, No. 13-2256, 2013 WL 6623924, at *4 (D.N.J. Dec. 13, 2013), *aff'd*, 571 F. App'x 111 (3d Cir. 2014) (second emphasis added).

Gage's Complaint clearly falls within the bounds of this Court's third injunction and it is, therefore, precluded because Gage failed to obtain leave of the Court before filing it. *See Gage v. Provenzano*, 2013 WL 6623924, at *4. Gage's claims against the Andersens' attorney is also explicitly barred pursuant to this Court's second injunction for the same reason. *See Gage v. Wells Fargo Bank, N.A. AS*, 2013 WL 3443295, at *8. Gage's Complaint, accordingly, is dismissed

2

without prejudice. Because the Court dismisses Gage's Complaint, it need not consider the State

Defendants' Motion to Dismiss. Based on the foregoing, and for other good cause shown,

IT IS on this 30th day of December, 2019 ORDERED that:

1. Patel's Letter Motion (ECF No. 23) is GRANTED.

2. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

3. The State Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 27) is DENIED AS MOOT.

s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE