**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

THOMAS I. GAGE,

          Plaintiff,

          v.

STATE OF NEW JERSEY, et al.,

          Defendants.

Civil Action No. 19-9098 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter comes before the Court upon pro se Plaintiff Thomas I. Gage's ("Plaintiff") Motion for Reconsideration of the Court's December 30, 2019 Order dismissing Plaintiff's Complaint without prejudice.[1] (ECF No. 31.) Defendants Law Office of Rajan Patel, Ocwen Loan Servicing, LCC, and Ocwen Financial Corporation (collectively, "Defendants") opposed. (ECF No. 37.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). It requires the moving party to set forth the factual matters or controlling legal authorities he believes the Court overlooked when rendering its final decision. *See* L. Civ. R. 7.1(i). To succeed on a motion for reconsideration, a movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [at issue]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."

---

[1] The Court construed Plaintiff's January 6, 2020 correspondence, titled "Memorandum in Opposition of the Dismissed Plaintiff Complaint as per Order Dated, 12/30/2019," (Pl.'s Mot. for Recons., ECF No. 31), as a motion for reconsideration. (June 5, 2020 Text Order, ECF No. 34).

*Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A court commits clear error of law 'only if the record cannot support the findings that led to the ruling.'" *Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018) (quoting *ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010)). "Thus, a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6. A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612–13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to ask the court to rethink what it has already thought through. *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995)).

Plaintiff asserts that the Court's December 30, 2019 Order: (1) improperly denied Plaintiff's right to a jury trial in violation of the Seventh Amendment, (Pl.'s Mot. for Recons. ¶¶ 2–3, ECF No. 31); (2) was not based on "true facts" or the record, (*id.* ¶¶ 4–7); (3) improperly provided Defendants with immunity and procedural safeguards, (*id.* ¶¶ 8–11); and (4) was not based on any law, (*id.* ¶ 12). Plaintiff, however, does not demonstrate either an intervening change in controlling law or the availability of new evidence not available to the Court at the time of the Order. *Quinteros*, 176 F.3d at 677. Nor does Plaintiff meet the standard required to establish clear error of law or fact.

Accordingly,

**IT IS** on this ___ day of August 2020 **ORDERED** that:

1. Plaintiff's Motion for Reconsideration (ECF No. 31) is **DENIED**.

2. The Clerk shall close the case.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**